UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EDWARD T. PETERS,

    Plaintiff,

v.

AM GENERAL LLC,

    Defendant.
_____/

Case No. 05-72177

Honorable Patrick J. Duggan

**OPINION AND ORDER
GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR
SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION TO
STRIKE PLAINTIFF'S RESPONSE BRIEF**

At a session of said Court, held in the U.S.
District Courthouse, City of Detroit, County of
Wayne, State of Michigan, on December 22, 2005.

PRESENT:  THE HONORABLE PATRICK J. DUGGAN
U.S. DISTRICT COURT JUDGE

Plaintiff Edward T. Peters filed an eight-count Complaint in this Court against Defendant AM General LLC arising from Plaintiff's purchase of a 2003 HUMMER H1 sports utility vehicle. Presently before the Court are (1) Defendant's Motion for Summary Judgment, filed on October 14, 2005, and (2) Defendant's Motion to Strike Plaintiff's Response Brief, filed on October 31, 2005. The Court heard oral arguments on these motions on December 15, 2005.

**I.     Background**

Defendant AM General LLC ("Defendant") manufactures HUMMER sports utility vehicles.  On April 4, 2004, Edward T. Peters ("Plaintiff") purchased a used 2003 HUMMER H1 from Schepel HUMMER.  The vehicle was covered by Defendant's written, new car, limited warranty contained in the vehicle's Owner's Manual.  Plaintiff received a copy of the Owner's Manual.  This express warranty provided that for up to three years or 36,000 miles, whichever came first, "[a]ny malfunction or damage to your HUMMER H1 resulting from a defect in material or factory workmanship will be corrected without charge for parts or labor." (Def.'s Mot. Ex. D, Owner's Manual at 4, 7).

Between April 2004 and April 2005, Plaintiff brought the vehicle in to Harvey Cadillac HUMMER, located in Grand Rapids, Michigan, for numerous services and repairs.  (*See* Pl.'s Resp. Ex. 1).  Defendant paid for all of these repairs per the express warranty.  In April 2005, Plaintiff parked the vehicle in his front yard with approximately 15,000 miles on the vehicle.  Plaintiff has not driven the vehicle since April 2005.

Defendant contracts with the Council of Better Business Bureaus, Inc. ("BBB") to resolve warranty disputes filed with the BBB AUTO LINE by owners of Hummer vehicles.  (Def.'s Mot. Ex. B, Davis Aff. at ¶5).  The Owner's Manual provides that: "<u>Arbitration through the BBB program is required prior to exercising rights or seeking remedies created by the Magnuson-Moss Warranty Act and under some state Lemon Law statutes</u>." (Def.'s Mot. Ex. D, Owner's Manual at 4 (emphasis in original)).  On April 4, 2005, Plaintiff filed a "Customer Claim Form" with the BBB AUTO LINE alleging that

he was experiencing a number of problems with his vehicle.  (Def.'s Mot. Ex. B, Davis Aff. at ¶¶6-7 and Ex. A thereto).  According to BBB AUTO LINE records, a BBB representative made several unsuccessful attempts to call Plaintiff to arrange for an arbitration hearing.  (*Id.* at ¶8).

According to BBB AUTO LINE records, a BBB representative sent Plaintiff a letter dated April 25, 2005, informing Plaintiff that his case would be closed if he did not contact the BBB in seven days.  (Def.'s Mot. Ex. B, Davis Aff. at ¶9 and Ex. B thereto).  On May 3, 2005, a BBB representative sent Plaintiff a letter closing Plaintiff's case.  (*Id.* at ¶11 and Ex. C thereto).

On May 16, 2005, a letter was sent to Defendant requesting a final repair attempt on Plaintiff's vehicle.  (Def.'s Mot. Ex. D, Cuzzocrea Aff. at ¶6 and Ex. B thereto).  The letter appears to be signed by Plaintiff's attorney and the letter indicates that it was sent "for Mr. Peters."  (*See id.*).  Defendant contends that it attempted to make arrangements to bring Plaintiff's vehicle into Harvey Cadillac HUMMER for a final repair attempt on May 31, 2005.  (*Id.* at ¶8).  However, according to Scott McCoy at Harvey Cadillac HUMMER, Plaintiff told McCoy that he knew nothing about a final repair attempt request, and Plaintiff refused to drive the vehicle because it was no longer insured or plated.  (Def.'s Mot. Ex. C, McCoy Aff. at ¶¶5-6).

In Plaintiff's Amended Complaint, filed on June 24, 2005, Plaintiff alleges: (I) breach of implied warranty of merchantability; (II) violation of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2310; (III) breach of the implied warranty of fitness; (IV) revocation of acceptance pursuant to MICH. COMP. LAWS ANN. § 440.2608; (V) violations

3

of the Michigan Consumer Protection Act, MICH. COMP. LAWS ANN. § 445.903; (VI) violations of Michigan's Automobile "Lemon Law," MICH. COMP. LAWS ANN. § 257.1401; (VII) negligent repair; and (VIII) breach of express warranty. On October 14, 2005, Defendant filed its Motion for Summary Judgment and on October 28, 2005, Plaintiff filed his Brief in Response to Defendant's Motion. On October 31, 2005, Defendant filed a Motion to Strike Plaintiff's Response Brief because Plaintiff's Brief was five pages over the twenty page limit set forth in Local Rule 7.1(c)(3)(A).[1] However, on November 10, 2005, Plaintiff submitted a modified brief in compliance with the twenty-page limit.

## II.  Standard of Review

This Court will grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). No genuine issue of material fact exists for trial unless, by viewing the evidence in a light most favorable to the nonmoving party, a reasonable jury could return a verdict for that party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510 (1986). The moving party bears the burden of informing this Court of the basis for its motion and identifying those portions of the record that establish the absence of a material issue of fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553 (1986).

---

[1] Defendant's Motion to Strike also violates the Local Rules because it was submitted without a brief, in violation of Local Rule 7.1(c)(1)(A).

4

Once the moving party has met its burden, Rule 56(e) requires the nonmoving party to look beyond the pleadings and designate specific facts showing that a genuine issue exists for trial.  FED. R. CIV. P. 56(e); *Celotex*, 477 U.S. at 322-24, 106 S. Ct. at 2552-53. It is not enough that the nonmoving party comes forward with the "mere existence of a scintilla of evidence . . . ," *Anderson*, 477 U.S. at 252, 106 S. Ct. at 2512, or some "metaphysical doubt as to the material facts."  *Matsishita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S. Ct. 1348, 1356 (1986).  Rather, the nonmoving party must present significant probative evidence in support of its opposition to the motion for summary judgment.  *Moore v. Philip Morris Cos., Inc.*, 8 F.3d 335, 340 (6th Cir. 1993).

### III.  Applicable Law and Analysis

Plaintiff concedes that the following claims should be dismissed: Count IV: Revocation of Acceptance; Count VI: violations of Michigan's Automobile "Lemon Law"; and Count VII: Negligent Repair.  (Pl.'s Am. Br. in Resp. to Def.'s Mot. at 20). Therefore, the Court need only address Defendant's Motion for Summary Judgment as to Plaintiff's remaining claims.

#### A.  **Counts I and III: Breach of Implied Warranties**

Plaintiff contends that Defendant breached the implied warranty of merchantability and the implied warranty of fitness for particular purpose.

MICH. COMP. LAWS ANN. § 440.2314 states, in pertinent part:

(1) Unless excluded or modified (section 2316), a warranty that the goods shall be merchantable is implied in contract for their sale if the seller is a merchant with respect to goods of that kind . . . .

5

(2) Goods to be merchantable must be at least such as

(a) Pass without objection in the trade under the contract description; and

* * *

(c) Are fit for the ordinary purpose for which goods of that type are used.

Moreover, MICH. COMP. LAWS ANN. § 440.2315 states: "Where the seller at the time of contracting has reason to know any particular purpose for which the goods are required and that the buyer is relying on seller's skill or judgment to select or furnish suitable goods, there is unless excluded or modified under the next section an implied warranty that the goods shall be fit for such purpose."

Defendant argues that implied warranties apply only where privity of contract exists between the seller, Schepel HUMMER, and the buyer, Plaintiff. Defendant contends that because it was not the "seller," the implied warranties of fitness and merchantability under Michigan law do not apply to Defendant, citing *Parsley v. Monaco Coach Corp.*, 327 F. Supp. 2d 797, 803-05 (W.D. Mich. 2004) (finding that privity of contract was required for purchasers of a motor home to recover from manufacturer for breach of implied warranties); *Pitts v. Monaco Coach Corp.*, 330 F. Supp. 2d 918, 925-26 (W.D. Mich. 2004) (same); *Pack v. Damon Corp.*, 320 F. Supp. 2d 545, 560-61 (E.D. Mich. Sep. 30, 2004) (same); *Treadway v. Damon Corp.*, 2004 WL 3372010 (E.D. Mich. 2004) (same); *Pidock v. Ewing*, 371 F. Supp. 2d 870, 878 (E.D. Mich. 2005) (same). While Defendant recognizes that this Court has previously held that privity is not required to recover under an implied warranty theory in *Michels v. Monaco Coach Corp.*, 298 F. Supp. 2d 642 (E.D. Mich. 2003), Defendant asks the Court to reconsider its ruling.

In *Michels*, this Court was faced with the question of whether the plaintiffs, purchasers of a motor home, could assert claims for breach of implied warranties claims against a remote manufacturer despite lack of privity. *Id.* at 645. This Court surveyed Michigan case law and concluded that "vertical privity is no longer required in Michigan to pursue a beach of implied warranty claim against a remote manufacturer." *Id.* at 650; *see also Zanger v. Gulf Stream Coach, Inc.*, 2005 WL 2769007, at *4-5 (E.D. Mich. Oct. 25, 2005) (finding that privity is not required in an implied warranty claim against a remote manufacturer) (Borman, J.) (citing *Michels*, 298 F. Supp. 2d at 650).[2]

This Court has reviewed the cases cited by Defendant and does not find their reasoning persuasive. Consequently, the Court does not believe that Plaintiff must establish privity to assert implied warranty claims against Defendant. Accordingly, Defendant's Motion for Summary Judgment as to Counts I and III of Plaintiff's Amended Complaint is denied.

### B. Count II: Violation of the Magnuson-Moss Warranty Act

The Magnuson-Moss Warranty Act ("MMWA") allows a consumer "who is damaged by the failure of a supplier, warrantor, or service contractor to comply with any obligation [under the Act], or under a written warranty, implied warranty, or service contract" to file suit in any state or federal district court seeking damages and other legal

---

[2] Other cases from the Eastern District which have held that privity is not required include *Jellison v. Fleetwood Enterprises, Inc., et al.*, No. 03-71502 (E.D. Mich. Apr. 7, 2004) (Zatkoff, J.) and *Leyva v. Coachmen R.V. Company, et al.*, No. 04-740171 (E.D. Mich. Sep. 15, 2005) (Gadola, J.).

and equitable relief." 15 U.S.C. § 2310(d)(1).

First, Defendant moves to dismiss Plaintiff's MMWA claim arguing that Plaintiff has no implied warranty claim because of lack of privity. However, as set forth above, because the Court has concluded that vertical privity is not required under Michigan law to pursue a breach of implied warranty claim, Plaintiff may also maintain his MMWA claim against Defendant.

Second, Defendant contends that Plaintiff's MMWA claim fails because Plaintiff did not participate in the informal dispute settlement procedure set out in the Owner's Manual. The MMWA provides, in pertinent part:

> (3) One or more warrantors may establish an informal dispute settlement procedure which meets the requirements of the Commission's rules under paragraph (2). If--
>
> (A) a warrantor established such a procedure,
>
> (B) such procedure, and its implementation meet the requirements of such rules, and
>
> (C) he incorporates in a written warranty a requirement that the consumer resort to such procedure before pursuing any legal remedy under this section respecting such warranty,
>
> then the consumer may not commence a civil action (other than a class action) under this subsection (d) of this section unless he initially resorts to such procedure.

15 U.S.C. § 2310(a)(3).

The Owner's Manual provides that: "<u>Arbitration through the BBB program is required prior to exercising rights or seeking remedies created by the Magnuson-Moss Warranty Act and under some state Lemon Law statutes</u>." (Def.'s Mot. Ex. D, Owner's Manual at 4 (emphasis in original)). Although Plaintiff commenced the process by filing

8

a Customer Claim Form with the BBB AUTO LINE, Plaintiff never proceeded to arbitration and Plaintiff's case was closed. Defendant contends that Plaintiff's failure to complete the BBB arbitration was a prerequisite to Plaintiff's MMWA claim in this case.

Plaintiff argues that Defendant may not now, after conducting discovery, assert for the first time that Plaintiff must have completed BBB arbitration. Plaintiff contends that by defending this dispute and conducting discovery, Defendant has waived its right to compel Plaintiff to arbitrate, citing *Madison District Public Schools v. Myers*, 247 Mich. App. 583, 637 N.W.2d 526 (2001); *Hendrickson v. Moghissi*, 158 Mich. App. 290, 404 N.W.2d 728 (1987); *SCA Services, Inc. v. General Mill Supply Co.*, 129 Mich. App. 224, 341 N.W.2d 480 (1983); and *North West Michigan Construction, Inc. v. Stroud*, 185 Mich. App. 649, 462 N.W.2d 804 (1990).

In *Madison District Public Schools*, the Michigan Court of Appeals noted that although waiver of an arbitration agreement is disfavored and although the party arguing that there has been a waiver bears a heavy burden of proof, certain conduct may waive a party's right to arbitration. *Madison*, 247 Mich. App. at 588-89, 637 N.W.2d at 529. The court found that because the plaintiff "engaged in acts inconsistent with its right to arbitrate," such as pursuing litigation against the defendant for twenty months, conducting discovery, and generating two court files full of documents, plaintiff waived its right to arbitrate. *Id.* at 590, 596-97, 637 N.W.2d at 530, 533-34.

Moreover, in *Hendrickson*, the court noted:

"Various forms of participation by a defendant in an action have been considered by the courts in determining whether there has been a waiver of the defendant's right to compel arbitration or to rely on arbitration as a defense to the action. It

9

> has been generally held or recognized that by such conduct as defending the action or proceeding with the trial, a defendant waives the right to arbitration of the dispute involved. A waiver of the right to [arbitration] . . . has also been found from particular acts of participation by a defendant, each act being considered independently as constituting a waiver. Thus, a defendant has been held to have waived the right to arbitration of the dispute involved by filing an answer without properly demanding or asserting the right to arbitration, . . . or by taking various other steps, including filing a notice of readiness for trial, filing a motion for summary judgment, or utilizing judicial discovery procedures."

*Hendrickson*, 158 Mich. App. at 299-300, 404 N.W.2d at 732-33 (quoting *Defendant's Participation in Action as Waiver of Right to Arbitration of Dispute Involved Therein*, 98 A.L.R.3d 767, §2 at 771-72); *see also North West Michigan Construction*, 185 Mich. App. at 651-52, 462 N.W.2d at 805 (affirming trial court's determination that defendant had waived its right to assert arbitration as a ground for dismissal where, despite pleading in their answer that plaintiff was required by contract to submit contract disputes to arbitration, defendants had actively participated in the litigation and discovery).

Similarly, in this case, Defendant has engaged in acts inconsistent with its right to arbitrate: (1) Defendant filed its Answer without properly asserting its right to arbitration; (2) Defendant actively conducted discovery, which was completed on September 30, 2005; (3) Defendant filed a witness list in anticipation of trial; and (4) Defendant filed a motion for summary judgment. Therefore, the Court believes that Defendant has waived its contractual right to compel Plaintiff to arbitrate. Accordingly, Defendant's Motion for Summary Judgment as to Count II of Plaintiff's Amended Complaint is denied.

### C. **Count V: Violations of the Michigan Consumer Protection Act**

Count V of Plaintiff's Amended Complaint cites to the following provisions of the Michigan Consumer Protection Act:

(1) Unfair, unconscionable, or deceptive methods, acts, or practices in the conduct of trade or commerce are unlawful and are defined as follows:

* * *

(c) Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities that they do not have . . . .

* * *

(e) Representing that goods are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another.

* * *

(n) Causing a probability of confusion or of misunderstanding as to the legal rights, obligations, or remedies of a party to a transaction.

* * *

(s) Failing to reveal a material fact, the omission of which tends to mislead or deceive the consumer, and which fact could not reasonably be known by the consumer.

(t) Entering into a consumer transaction in which the consumer waives or purports to waive a right, benefit, or immunity provided by law, unless the waiver is clearly stated and the consumer has specifically consented to it.

(u) Failing, in a consumer transaction that is rescinded, canceled, or otherwise terminated in accordance with the terms of an agreement, advertisement, representation, or provision of law, to promptly restore to the person or persons entitled to a deposit, down payment, or other payment . . . .

* * *

(y) Gross discrepancies between the oral representations of the seller and the written agreement covering the same transaction or failure of the other party to the transaction to provide the promised benefits.

MICH. COMP. LAWS ANN. § 445.903(1).

Defendant contends that Plaintiff's claims under the Michigan Consumer Protection

11

Act must fail because Plaintiff has failed to establish that Defendant breached any express or implied warranty. However, because the Court believes that genuine issues of material fact remain as to whether Defendant breached any implied warranties, *see, e.g.*, *Mikos v. Chrysler Corp.*, 158 Mich. App. 781, 783-85, 404 N.W.2d 783 (1987) (finding that a breach of the implied warranty of merchantability constituted a failure to provide promised benefits in violation of MICH. COMP. LAWS ANN. § 445.903(1)(y)), Defendant's Motion for Summary Judgment as to Count V shall be denied.

### D. Count VIII: Breach of Express Warranty

The express warranty contained in the Owner's Manual provided that for up to three years or 36,000 miles, whichever came first, "[a]ny malfunction or damage to your HUMMER H1 resulting from a defect in material or factory workmanship will be corrected without charge for parts or labor." (Def.'s Mot. Ex. D, Owner's Manual at 4, 7). The record shows that each time Plaintiff brought his vehicle to Harvey Cadillac for regular maintenance or repairs, Plaintiff's vehicle was repaired and these repairs were paid for by Defendant under the express warranty. Moreover, although Plaintiff's Customer Claim Form, submitted to the BBB representative in April 2005, listed the following problems, "check engine light comes on, welds were cracked, wheel seals leaking, and seat belt won't retract occasionally," (Def.'s Mot. Ex. B, Davis Aff. at ¶¶6-7 and Ex. A thereto), Plaintiff did not indicate that any of these problems existed the last time he brought his vehicle to Harvery Cadillac HUMMER in March 2005 (*see* Pl.'s Mot. Ex. 1).

Therefore, because no genuine issue of material fact remains as to whether

Defendant breached its express warranty to Plaintiff, Count VIII shall be dismissed.

Accordingly,

**IT IS ORDERED** that Defendant's Motion to Strike Plaintiff's Response Brief is **DENIED.**

**IT IS FURTHER ORDERED** that Defendant's Motion for Summary Judgment is **GRANTED** as to the following counts: Count IV: Revocation of Acceptance; Count VI: violations of Michigan's Automobile "Lemon Law"; Count VII: Negligent Repair; and Count VIII: Breach of Express Warranty.

**IT IS FURTHER ORDERED** that Defendant's Motion for Summary Judgment is **DENIED** as to the remaining counts in Plaintiff's Amended Complaint.

                                        s/PATRICK J. DUGGAN
                                        UNITED STATES DISTRICT JUDGE

Copies to:
Brian P. Parker, Esq.
John D. Falvey, Esq.