UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EDWARD T. PETERS,

    Plaintiff,

v.                                Case No. 05-72177

AM GENERAL LLC,              Honorable Patrick J. Duggan

    Defendant.
_____/

**OPINION AND ORDER
GRANTING DEFENDANT'S PETITION FOR COSTS
PURSUANT TO FED. R. CIV. P. 68**

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan on April 18, 2006.

PRESENT:        THE HONORABLE PATRICK J. DUGGAN
                        U.S. DISTRICT COURT JUDGE

Plaintiff Edward Peters brought suit against Defendant AM General alleging breach of express and implied warranties and violations of the Magnuson-Moss Warranty Act, arising from Plaintiff's purchase of a 2003 HUMMER H1 sports utility vehicle. On December 27, 2005, pursuant to FED. R. CIV. P. 68, Defendant extended an Offer of Judgment to Plaintiff in the amount of $15,000, including reasonable attorneys fees and costs.[1] Plaintiff rejected the offer and trial began on January 18, 2005. On January 19,

---

[1] *See* Ex. A, Certificate of Service, filed with this Court on January 26, 2006.

2006, the jury returned a verdict in favor of Defendant.  Presently before the Court is Defendant Am General's Petition for Costs Pursuant to FED. R. CIV. P. 68, filed on January 26, 2006.  Defendant seeks $29,156.09 in costs, including attorneys' fees, incurred since December 27, 2005.  Plaintiff has not filed a response.

Rule 68 provides:

> At any time more than 10 days before the trial begins, a party defending against a claim may serve upon the adverse party an offer to allow judgment to be taken against the defending party for the money or property or to the effect specified in the offer, with costs then accrued.

FED. R. CIV. P. 68.  If the plaintiff rejects the offer and subsequently receives a judgment less favorable than the offer, plaintiff is liable for costs incurred after the making of the offer.  *Id.*

"[T]he costs provided for in Rule 68 include reasonable attorney fees only where such fees are authorized by the substantive statute at issue in the litigation."  *Zackaroff v. Koch Transfer Co.*, 862 F.2d 1263, 1265 (6th Cir. 1988).  The Magnuson-Moss Warranty Act expressly includes attorneys' fees within its definition of costs.  *See* 15 U.S.C. § 2310(d)(2); *see also McCain v. Detroit II Auto Fin. Ctr.*, 378 F.3d 561, 564 (6th Cir. 2004) (finding that "where the underlying statute defines 'costs' to include attorney's fees, we are satisfied such fees are to be included as costs for the purposes of Rule 68.").

Defendant has included, with its petition, a copy of the firm's invoice for attorneys' fees, costs, and expenses incurred in defending the case between the date that AM General served its Rule 68 Offer of Judgment upon Plaintiff's counsel, December 27, 2005, and the date that the jury returned its verdict in favor of AM General, January 19,

2006. The Court has reviewed the invoice and believes that the costs listed are reasonable.

Accordingly,

**IT IS ORDERED** that Defendant's Petition for Costs Pursuant to FED. R. CIV. P. 68 is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff Edward Peters pay $29,156.09 to Defendant AM General.

s/PATRICK J. DUGGAN
UNITED STATES DISTRICT JUDGE

Copies to:
Brian P. Parker, Esq.
John D. Falvey, Esq.