UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EDWARD T. PETERS,

    Plaintiff,

v.                                              Case No. 05-72177

AM GENERAL LLC,                                 Honorable Patrick J. Duggan

    Defendant.
_____/

**OPINION AND ORDER**

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan on May 18, 2006.

PRESENT:    THE HONORABLE PATRICK J. DUGGAN
U.S. DISTRICT COURT JUDGE

Plaintiff Edward Peters brought suit against Defendant AM General alleging breach of express and implied warranties and violations of the Magnuson-Moss Warranty Act, arising from Plaintiff's purchase of a 2003 HUMMER H1 sports utility vehicle. On December 27, 2005, pursuant to FED. R. CIV. P. 68, Defendant extended an Offer of Judgment to Plaintiff in the amount of $15,000, including reasonable attorneys fees and costs.[1] Plaintiff rejected the offer and trial began on January 18, 2006. On January 19, 2006, the jury returned a verdict in favor of Defendant.

---

[1] *See* Ex. A, Certificate of Service, filed with this Court on January 26, 2006.

On January 26, 2006, Defendant filed a petition to recover its costs including attorneys fees pursuant to FED. R. CIV. P. 68.  This petition was electronically filed and a copy of it was electronically sent to Brian P. Parker, attorney for Plaintiff.

On April 18, 2006, this Court having received no objection or other opposition to the petition, issued an Opinion and Order granting Defendant's petition for costs.  This Opinion and Order was electronically filed on April 18, 2006 and on that date was electronically sent to Mr. Parker.

On May 3, 2006, Plaintiff's attorney submitted an "Objection to the Court's Granting Defendant's Fee Petition Without an Oral, Evidentiary Hearing on the Proofs." While this document indicates Plaintiff's objection to the Court having granted the Defendant's fee petition without a hearing, it does not indicate any grounds for objecting to Defendant's petition.  Plaintiff's objection states, "Plaintiff would like an EVIDENTIARY hearing to show why Defendant does not deserve fees based on the Objection Plaintiff Filed to Defendant's Offer of Proof Under Rule 68."  (Objection at 1 (emphasis in original).  The Court file, however, does not reflect any "Objection" that Plaintiff filed to Defendant's offer of proof under Rule 68.  Plaintiff's counsel apparently believes that any time a motion or a petition is filed, the Court will conduct a hearing on such petition and motion.  No such rule exists.  There are many motions decided by the Court without a hearing.

Local Rule 7.1(d) provides that "[a] response to a dispositive motion must be filed within 21 days after service of the motion," and "[a] response to a non-dispositive motion must be filed within 14 days after service of the motion."  In this case, the Court waited

over 60 days before issuing its opinion. During this period, Plaintiff's counsel was aware of the fact that no hearing had been scheduled.

It appears that Plaintiff's counsel believes that the Court should schedule a hearing on a petition or motion and then on the hearing date, the party opposing the motion would bring to the Court's attention and the opposing party's attention, his or her grounds or reasons for opposing the motion. Clearly, that is not the way this system works.

If a party intends to oppose a motion or a petition, that party has an obligation to submit, in writing, its opposition so that the Court and the moving party are aware of the basis for such opposition. If the Court believes that the opposition as filed contains sufficient merit to warrant a hearing, a hearing *may* be scheduled. However, in that event, the moving party will be aware of the opposition to the motion and be prepared to address that opposition. Furthermore, by filing the objection with the Court, the Court will have an opportunity to review the opposition before conducting any hearing.

The Court finds no merit to Plaintiff's objection.[2]

SO ORDERED.

                                        s/PATRICK J. DUGGAN
                                        UNITED STATES DISTRICT JUDGE

Copies to:
Brian P. Parker, Esq.
John D. Falvey, Esq.

---

[2] It is also troubling to the Court why, if Plaintiff was objecting to Defendant's fee petition that, having received this Court's Opinion and Order granting Defendant's fee petition on April 18, 2006, Plaintiff's counsel waited more than two weeks to file this objection.